# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| LACY WOODS, | Case No. 5:21-cv-00065-LCB |
| Plaintiff, | Judge Liles C. Burke |
| v. | Opposed Motion to Dismiss |
| REWARD ZONE USA, LLC, | |
| Defendant. | |

## DEFENDANT REWARD ZONE USA, LLC'S MOTION TO DISMISS

The Defendant, Reward Zone USA, LLC ("Reward Zone"), moves this Court to dismiss Plaintiff Lacy Woods' Complaint in its entirety under Rules 12(b)(1) and 12(b)(2) of the Federal Rules of Civil Procedure. Specifically, Woods' Complaint must be dismissed because (1) she has not alleged a cognizable injury and lacks standing to pursue her claims and (2) this Court does not have personal jurisdiction over Reward Zone. Pursuant to the Court's March 17, 2021 Initial Order Governing All Further Proceedings, Reward Zone states that the parties conferred via electronic mail prior to filing this motion and Woods' counsel indicated that they oppose the relief sought in this motion to dismiss.[1]

---

[1] Sean A. Moynihan and Jacob Brainard of the law firm Klein Moynihan Turco LLP, 450 7th Avenue, 40th Floor, New York, New York 10123, who along with

*First*, Woods lacks standing because she alleges nothing more than bare statutory violations of the TCPA without a cognizable injury.[2]   Under settled law in the Eleventh Circuit, receipt of text messages alone is not enough to confer Article III standing.   In fact, even purportedly receiving multiple unwanted text messages over several months does not suffice as an injury for standing purposes. Accordingly, Woods' threadbare allegation that she received "several" text messages over an unspecified period is insufficient to establish standing as a matter of law.

*Second*, this Court lacks personal jurisdiction over Reward Zone.  Reward Zone is a New York-based company incorporated in Delaware.  It lacks the requisite minimum contacts with Alabama to justify the exercise of personal jurisdiction. Moreover, Reward Zone did not send Woods the text messages alleged in the Complaint, and her TCPA claims do not arise out of Reward Zone's conduct in Alabama.   Simply put, Reward Zone lacks any connection with Alabama, much less the constitutionally required minimum contacts necessary for this Court to exercise

---

undersigned counsel represent Reward Zone, conferred with Woods' counsel via email on March 25, 2021, and were unable to reach an agreement about the disposition of this motion.

[2] Neither Reward Zone nor any of its agents sent the text messages in this case.  And even if Reward Zone had sent the text messages, Woods actually gave consent on at least two separate occasions for Reward Zone to text her, including through the use of an automated telephone dialing system and even if her number appeared on the Do Not Call Registry.   Consent defeats all TCPA claims.  *See* 47 C.F.R. § 64.1200(a)(1)-(3).   Reward Zone has provided the consent details to Woods' attorneys.  Yet, as of this motion, Woods continues to pursue her TCPA claims.

jurisdiction over Reward Zone.  *See Alvord v. Fluent, Inc.*, Case No. 2:19-CV-885-DBB-CMR, 2020 WL 4346960, at \*2 (D. Utah July 29, 2020) (dismissing TCPA claims for lack of personal jurisdiction).

As set forth in greater detail in the accompanying Memorandum of Law, this Court lacks subject matter jurisdiction over Woods' claims and personal jurisdiction over Reward Zone.  Without jurisdiction, the Court cannot adjudicate this dispute and should dismiss the Complaint in its entirety.

Respectfully submitted,

/s/ Nathan D. Chapman
Nathan D. Chapman
Alabama Bar No. ASB-5070-N49C
KABAT CHAPMAN & OZMER LLP
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
Tel: (404) 400-7300
Fax: (404) 400-7333
*nchapman@kcozlaw.com*

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2021, I filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all parties of record.

By:   /s/ *Nathan D. Chapman*_____
        Counsel for Defendant