# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| LACY WOODS, | Case No. 5:21-cv-00065-LCB |
| Plaintiff, | Judge Liles C. Burke |
| v. | Opposed Motion to Dismiss |
| REWARD ZONE USA, LLC, FLUENT, INC. | |
| Defendants. | |

## DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Defendants Reward Zone USA, LLC ("Reward Zone") and Fluent, Inc. ("Fluent") move this Court to dismiss Plaintiff Lacy Woods' First Amended Complaint in its entirety under Rules 12(b)(1) and 12(b)(2) of the Federal Rules of Civil Procedure. Specifically, Ms. Woods' First Amended Complaint must be dismissed because (1) she has not alleged a cognizable injury and lacks standing to pursue her claims and because (2) this Court does not have personal jurisdiction over Reward Zone and Fluent. The parties conferred prior to filing this motion; counsel for Ms. Woods indicated that they oppose the relief sought in this motion to dismiss.

*First*, Ms. Woods lacks standing because she alleges nothing more than bare

1

statutory violations of the TCPA without a cognizable injury.[1] Under settled law in the Eleventh Circuit, receipt of text messages alone is not enough to confer Article III standing. In fact, even purportedly receiving multiple unwanted text messages over several months does not suffice as an injury for standing purposes. Accordingly, Ms. Woods' threadbare allegation that she received "several" text messages over an unspecified period is insufficient to establish standing as a matter of law.

*Second*, this Court lacks personal jurisdiction over Reward Zone and Fluent. Fluent and its subsidiary Reward Zone are New York-based companies incorporated in Delaware. Both companies lack the requisite minimum contacts with Alabama to justify the exercise of personal jurisdiction. Moreover, neither company sent Ms. Woods the text messages alleged in the First Amended Complaint, and her TCPA claims do not arise out of Reward Zone's or Fluent's conduct in Alabama. Simply put, Defendants lack any connection with Alabama, much less the constitutionally required minimum contacts necessary for this Court to exercise jurisdiction over either company. *See Alvord v. Fluent, Inc.*, Case No. 2:19-CV-885-DBB-CMR,

---

[1] Neither Reward Zone nor Fluent nor any of their agents sent the text messages in this case. And even if Reward Zone or Fluent had sent the text messages, Woods actually gave consent on at least two separate occasions for Reward Zone and Fluent to text her, including through the use of an automated telephone dialing system and even if her number appeared on the Do Not Call Registry. Consent defeats all TCPA claims. *See* 47 C.F.R. § 64.1200(a)(1)-(3). Reward Zone and Fluent have provided the consent details to Woods' attorneys. Yet, as of this motion, Woods continues to pursue her TCPA claims.

2020 WL 4346960, at *2 (D. Utah July 29, 2020) (dismissing TCPA claims for lack of personal jurisdiction).

As set forth in greater detail in the accompanying Memorandum of Law, this Court lacks subject matter jurisdiction over Ms. Woods' claims and personal jurisdiction over both Defendants. Without jurisdiction, the Court cannot adjudicate this dispute and should dismiss the First Amended Complaint in its entirety.

                    Respectfully submitted,

                    /s/ Nathan D. Chapman
                    Nathan D. Chapman
                    Alabama Bar No. ASB-5070-N49C
                    KABAT CHAPMAN & OZMER LLP
                    171 17th Street NW, Suite 1550
                    Atlanta, Georgia 30363
                    Tel: (404) 400-7300
                    Fax: (404) 400-7333
                    *nchapman@kcozlaw.com*

                    *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2021, I filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all parties of record.

By: /s/ *Nathan D. Chapman*_____
Counsel for Defendants